White, J.
 

 delivered the following opinion of the court.
 

 The plaintiffs claimed under an entry, made in the county entry taker’s office, on the 4th of October 1803, as follows, to wit: “ John Carter enters 640 acres of land in Smith county, on the south side of Cumberland river, to begin at the mouth of the second branch above the Caney fork, to run up the river to Walton’s line, and with his line so as to include the vacant land between Lawrence’s 1000 acre tract and the river.”
 

 On the 17th of November 1807, the laud was re-entered as required by act of assembly; it was surveyed on the 15th February 1810 and the plat filed in the surveyor General’s office, on the 19th of the same month.
 

 The survey as made, began at the mouth of the branch called for in the entry, thence up Cumberland river, with its meanders (its general course N.
 
 15°
 
 W.) 590 poles to Walton’s east boundary, thence north along Walton’s east boundary 230 poles to his north east corner, thence east along Stubblefield’s and Carter’s line-230 poles, thence south 525 poles a new line to Lawrence’s north boundary line, thence west 20 poles to Lawrence’s north west corner, thence south with Lawrence’s west boundary 284 poles to an ash, thence west 23 poles to the beginning.
 

 The defendant’s entry for 140 acres made on the 13th of April 1809 was special, to begin at Walton’s north east corner, specifying course and distance, was surveyed 15th of September 1809, and the plat filed 10th of December 1809, and lies entirely within the plaintiffs’survey.
 

 The jury found the specialties of both entries, and that the surveys were made as called for in the plats of surveys
 
 ;
 
 they further found, that the lines of Walton’s, of Stubblefield’s, and Clark's and of Lawrence’s, are the lines of surveys and grants older than the plaintiffs’ claim. They further found, that beginni
 
 ng
 
 as the plaintiffs’ entry and survey call for, and running up the river with its meanders to Walton’s line, and thence north with that line so far as by turning east and pla
 
 *341
 
 cing the land nearly in a square, the defendant,s survey would not have been interfered with ; it was admitted that there were no older claims to the east of the plaintiffs’ claim to obstruct the surveyor from running out their land in that direction.
 

 On the part of the defendant, it was said, that the law designed lands to be surveyed in squares or oblongs, that the plaintiffs’ was surveyed in neither shape, and though they were confined near the beginning by the river and Lawrence’s line, which left between one and the other, a slip of land 23 or 24th poles in width and 288 poles in length, yet they might have surveyed the balance of the tract in a square, whereby they would not have touched the survey of the defendant, that had been previously made, and which the surveyor under such circumstances was bound to respect. The entry of the plaintiffs does not call for Stubblefields’s and Carter’s line, and the survey might have been made to run with Walton’s line, and the entry complied with, without an interference.
 

 The opinion entertained by the court is, that the plaintiffs having the oldest entry, were entitled to the oldest survey, and grant also. That the surveyor was to survey the land entered, and as near as might be according to the calls of the entry. He has surveyed the land entered; every call in the entry is attended to by the surveyor, and although he might have surveyed the land in a different manner hi some respects, and still have adhered to the calls, that shall not prejudice the plaintiffs, who could not control the surveyor.
 

 The surveyor was bound to regard the natural boundaries, and lines of prior entries and grants, when making the plaintiffs’ survey. It never was the intention of our laws, that the party in making an entry, should make it specific as to boundary.
 

 The surveyor having made the plaintiffs’ survey on the land intended, having adhered to the calls mentioned in their entry, and there being no call in the entry prohibiting the surveyor from making the survey in the manner he has made it, the plaintiffs are entitled to a grant for the land included in their survey, and the defendant is not entitled
 
 to
 
 a grant for any part of it.