CatRON, J.
delivered the opinion of the Court. No proof was introduced to show that the claim of Evan Baker, assignee of Samuel Conn, was notorious at the time M’Gavock’s entry was made, on the 24th January, 1784; but it was pro.ved that, about January, 1783, John Shelby made a survey with a view to locate more precisely Evan Baker’s entry, which entry was made in October, 1784. To affect the claim of Hinton with the notoriety of M’Gavock’s entry, much pains was taken to prove that the beginning of [196] Evan Baker, assignee of Conn, became notorious before the grant to Prunell issued.
The entry of Ewing being special, both in its locative calls, and as connected with Captain Williams’s land, held a priority over the entry of M’Gavock, if both entries cover the same land ; both entries were surveyed adjoining older grants than the entry of Ewing, on which Prunell’s grant issued, in running out which the surveyor began at I [1] on the plat, ran to H, thence down the river to B, east to T M E Y I Q, and thence to the beginning; running north a considerable distance more than an oblong of 640 acres, including M’Gavock’s beginning corner and a few acres of the southeast corner of his entry, which is the land in dispute.
If the surveyor was authorized, when surveying Ewing’s entry, to include the part of M’Gavock’s entry which is included in Prunell’s grant, then the *533 charge of the circuit judge is wrong. If not, it is unexceptionable. From H to I, and from I to Q, the surveyor was confined by older claims in surveying Ewing’s entry; from B to E he $as also confined. '
Robert Nelson’s grant recites that it was founded upon an entry made in March, 1784, and a survey, made the 10th May, 1784. But the grant is the only evidence in the record that there was such an entry; and hence it is contended that, for anything appearing in the record, the land covered by Nelson’s grant was vacant to the time of issuing the grant in 1786. From M to N the claim is older' than Ewing’s entry. It is contended that Pru-nell’s survey should have included the land covered by the grant of Nelson [197] and not to have extended to that of James M’Gavock ; and to this effect the Circuit Court charged the jury. For the powers and discretion of surveyors in surveying entries the Court would refer to the cases of Kerr’s Lessee v. Porter, 1 Tenn. Rep. 353; Carter and Stubblefield v. Ward, 2 Tenn. Rep. 340, and Phillips’s Lessee v. Robertson, 2 Tenn. Rep. 399.
We think the surveyor was well warranted to run out Ewing’s entry in the manner'he did. He complied with all the calls of*the entry, beginning at the river, where Daniel Williams’s line intercepted it, down the river to Shaw’s east boundary, north with said line, then by set-offs west and north to D. M’Gavock’s land. The objection is, that he ran over vacant land on the east end of Nelson’s grant. Suppose this were true, did he not as well comply with the calls of the entry by running north as west, and lay the land in much better form ?
Much more than this was done in making the elder survey of Carter, in the case of Carter and Stubblefield v. Ward. The Court believe that the surveyor prudently and correctly surveyed Ewing’s entry; and that it is special for the land granted, that the Circuit Court ought so to have instructed the - jury; and should, furthermore, have instructed, that Ewing’s entry, being a special one for the land in controversy, which could not be said of M’Gavock’s, for the want of notoriety of the beginning corner of Conn’s survey, at the date of Ewing’s entry; therefore the latter had a priority over the former in obtaining a survey and grant, unless the entry of M’Gavock became notorious before the 14th of June, 1784, the date of Ewing’s entry.
Let the judgment be reversed, and the cause remanded for another trial.